UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY WILSON, | Case No. CV 10-03217-JEM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER RE: MOTION FOR ATTORNEY'S FEES |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

**I.     INTRODUCTION**

On May 12, 2011, this Court reversed the decision of the Commissioner of Social Security ("Commissioner") denying Social Security Disability benefits and Supplemental Security Income benefits to Plaintiff Tracy M. Wilson, and remanded the case to the Commissioner for further proceedings pursuant to 42 U.S.C. § 405(g). Now before the Court is Plaintiff's Petition for Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $8,517.11. This amount includes $359 for two hours of time spent preparing the fee petition.

The Commissioner opposes Petitioner's fee request as excessive and requests that Plaintiff be awarded only $4,832.11 for merits work. In her reply, Wilson seeks additional

compensation of $807.35 for preparing her fee reply brief, for a total of $9,324.46 for both merits and fees work.

For the reasons explained below, the Court awards Plaintiff $8,651.67 in fees.

## II. BACKGROUND

Plaintiff is a 36 year old female who alleged bilateral carpel tunnel syndrome, tendinitis in her arms and back, bilateral hip injuries, pain in back, shoulders, neck and arms, dyslexia, and cardiac complications. The ALJ determined that Wilson had the medically determinable severe impairments of major depressive disorder, panic disorder, myofascial neck strain, fibromyalgia, and a history of myocarditis. Nonetheless, the ALJ determined that Plaintiff has the residual functional capacity to perform light work with certain limitations and that there are jobs in the national economy that Plaintiff could perform. The ALJ also made an adverse credibility determination.

Plaintiff raised five issues for reversal:

1. Whether the ALJ committed reversible error in failing to provide any reasons for rejecting the testimony of Ms. Wilson's husband as required.

2. Whether the ALJ committed reversible error in failing to set forth the requisite "specific and legitimate" reasons for rejecting the opinion of Dr. Diaz, Ms. Wilson's long-time treating physician.

3. Whether the ALJ's mental residual functional capacity assessment is based on substantial evidence because it failed to incorporate the findings of Dr. Wendel, a consultative psychologist or the ALJ's own finding that Ms. Wilson has moderate deficiencies of concentration, persistence, or pace.

4. Whether the ALJ properly evaluated Ms. Wilson's subjective complaints.

       5.       Whether the Commissioner sustained his burden of establishing that there is other work in the national economy that Ms. Wilson can perform.

The administrative record was 374 pages. The Joint Stipulation was 48 pages.

      The Court issued a 17 page Memorandum Opinion and Order reversing the Commissioner's non-disability decision. The Court determined that the ALJ decision failed to develop the record properly, the ALJ's adverse credibility determination was not supported by clear and convincing reasons, the ALJ improperly rejected the treating physician's opinion, the ALJ improperly disregarded relevant lay witness testimony, and the ALJ failed to consider Plaintiff's multiple impairments in combination with each other. The Court did not reach the issues regarding Plaintiff's' mental residual functional capacity assessment or the ALJ's determination that there is work in the national economy Ms. Wilson could perform, as those issues will have to be reassessed in light of the Court's other rulings.

## III.    DISCUSSION

      Under EAJA, a plaintiff is entitled to attorney's fees if the plaintiff is the prevailing party, the Commissioner's position is not "substantially justified," and "special circumstances" do not make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A). A plaintiff who obtains a judgment and remand pursuant to sentence four of § 405(g) is considered to be a prevailing party. Shalala v. Schaefer, 509 U.S. 292, 302 (1993). The Commissioner does not dispute that Wilson is the prevailing party in this case.

      The Commissioner does not contend its position is "substantially justified" or that there are any "special circumstances" that would render an award of attorney's fees unjust. The Commissioner does not dispute that Plaintiff is entitled to attorney's fees, only the amount of those fees. The Commissioner does not contest the hourly rates asserted by Plaintiff or the hours expended on fees work. The sole issue presented is the reasonableness of the number of hours claimed by Plaintiff for merits work.

**A.     Applicable Legal Standards**

The Supreme Court has ruled that the most useful starting point in determining a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (considering fees under a similar fee shifting statute, 42 U.S.C. § 1988).  This sum is known as the "lodestar," which on rare occasions can be enhanced for superior performance.  Perdue v. Kenny A. ex rel. Winn, __ U.S. __, 130 S. Ct. 1662, 1669 (2010).

A party must submit evidence supporting the hours.  Hensley, 461 U.S. at 433.  The award will be reduced where documentation is inadequate.  Id.  A court also must exclude from the initial calculation hours that were not reasonably expended.  Id.  Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary.  Id. at 434.

An important factor in evaluating the reasonableness of the hours expended is the result obtained.  Id.  This factor is particularly important where a prevailing party succeeded on only some claims for relief.  Id.  Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee, including all hours reasonably expended.  Id. at 435.  Plaintiff's success, then, is a "crucial factor" in determining the proper amount of a fee award.  Id. at 440.  Indeed, "the most critical factor is the degree of success obtained."  Id. at 436.

The Court has discretion in determining the amount of the fee award.  Id. at 437.  The Court, however, must provide a concise and clear explanation of its reasons for the award.  Id.  In ruling on requested adjustments, the Court "should make clear that it has considered the relationship between the amount of the fee award and the results obtained."  Id.

The applicant bears the burden of establishing entitlement to an award.  Id.  There is no presumption that the claimed lodestar is reasonable.  The lodestar is what remains after excessive, redundant and unnecessary time is eliminated.  Id. at 434.  It is the fee

claimant's burden to prove the reasonableness of the lodestar amount.  Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 563-64 (1986).

**B.     Analysis**

Plaintiff seeks to recover a total of $9,324.46 in attorney's fees for 50.25 hours of work performed by her attorneys, including time spent on her fee petition and fee reply. Plaintiff's request is adequately documented with time descriptions and rates charged.  The Commissioner argues that Plaintiff's fee request is excessive and that Plaintiff should recover but $4,832.11 for 28.75 hours for merits work.

Notably, the Commissioner's Opposition makes no mention of the result obtained, other than to acknowledge that Plaintiff was the prevailing party.  The Commissioner makes no attempt to evaluate the reasonableness of the hours expended in light of the result obtained, or to relate the requested adjustments to outcome, even though success is the "critical" or "crucial" factor in determining the amount of any fee award.  Here, Plaintiff presented five issues for reversal and prevailed on all decided issues.  Plaintiff is entitled to recover fees for all hours reasonably expended.  Hensley, 461 U.S. at 435.

Of course, the Court nonetheless must exclude from the lodestar any hours not reasonably expended.  Id. at 433-34.  The Commissioner argues that Plaintiff needlessly included a statement of facts but Plaintiff did not accept the ALJ's characterization and presentation of the evidence.  The need for a statement of facts under such circumstances is a matter of judgment and discretion on the part of counsel and the Court generally does not believe it should second-guess counsel on presentation and method of argument issues such as this.  The Court also found the statement of facts helpful in understanding the case, especially in that Plaintiff had multiple impairments.

The Commissioner also argues that Plaintiff's expenditure of 14.5 hours of work on her initial portion of the Joint Stipulation was excessive because most of her arguments already had been developed in her settlement proposal in less than 9 hours.  Plaintiff responds that the initial portion of the Joint Stipulation included a total re-write of the RFC

argument and contained an entirely new credibility argument not presented in the voluntary remand request. Again, generally the Court does not believe it appropriate to second-guess a lawyer's approach to a case, particularly when counsel prevailed on all issues decided. The Commissioner could argue in every case that a claimant's counsel should have presented the arguments in fewer hours but the fact that counsel could have expended fewer hours (and probably have produced a lower quality submission) is not of consequence. What matters under Hensley is not whether counsel could have expended fewer hours but whether Plaintiff's submission was reasonably related to the result obtained. Here it was, for the most part.

The Commissioner also seeks the elimination of 2.8 hours for what it claims as clerical work, such as preparing, reviewing and filing standard forms with the Court. See Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989) (purely clerical or secretarial tasks should not be billed even at paralegal rates). Yet review of the specific time entries challenged by the Commissioner indicates the work was not clerical but involved attorney judgment:

| Date | Description | Hours |
|---|---|---|
| 4/29/10 | Review of administrative evidence and decisions, preparation of Complaint, Request to Proceed in forma paupers (*sic*); Certificate of Interested Persons and other supporting paperwork | 2.00 |
| 5/06/10 | Review Order, tickle dates | .20 |
| 6/02/10 | Prepare proof of service; Consent to Proceed before Magistrate | .60 |

Review of the record and preparation of the Complaint hardly can be considered secretarial or clerical work. None of the entries describe work that is inappropriate for an attorney to perform.

Another relevant factor in considering the reasonableness of a fee award is awards in similar cases. Widrig v. Apfel, 140 F.3d 1207, 1209 n.5 (9th Cir. 1998). Both parties cite a few individual cases in which fees were awarded for the number of hours they claim plaintiff's counsel should have expended on this case. As every case is different, the

parties' approach is not very helpful without a large population of cases. The Court finds more helpful the case of Patterson v. Apfel, 99 F. Supp. 2d 1212, 1214 and n.2 (C.D. Cal. 2000), which surveyed fee awards in dozens of Social Security cases. The Court found that routine cases generally require 30 to 45 hours. Id. The average is 37.3 hours. Id. Cases in the footnote make clear that the reported "average" and "ranges" are for "unextraordinary," "relatively non-complex" cases. Id.

Putting aside the time spent on the fee briefing, Plaintiff's counsel spent 43.75 hours on the merits in this case, above the average for Social Security cases and at the upper end of the range of hours for routine cases. The Commissioner argues that Plaintiff should be compensated for only 28.75 hours based on a single case. Penrod v. Apfel, 54 F. Supp. 2d 961, 964 (D. Ariz. 1999). The Commissioner, however, offers no comparison of Penrod to this case. In Penrod, the Commissioner essentially conceded reversal was appropriate. For this reason, the hours expended in Penrod were at the lowest end of the range for routine cases and not at all representative of the time spent in most Social Security cases. Similarly, Plaintiff cites two cases awarding EAJA fees for 50 hours or more, again without any comparison to this case. Picking a couple of high hour cases that are not representative of most Social Security cases is not persuasive.

This case involved five issues, the complicated medical condition of fibromyalgia and multiple impairments that resulted in a 48 page Joint Stipulation. The Court believes that something more than the average of 37.3 hours was reasonable in this case. By the same token, Plaintiff made no voluntary eliminations from the attorney time records, the administrative record was not unusually long, and there were no complicated collateral proceedings or extra motions, just the voluntary remand request and the Joint Stipulation. Taking all of the above factors into consideration, the Court believes that 40 hours is reasonable. This results in a reduction of 3.75 hours or $672.79. Together with 6.5 hours on the fee petition and reply, Plaintiff is entitled to recover for 46.5 hours which is $8,651.67.

**IV.      DISPOSITION**

Plaintiff executed an assignment of her right to attorney's fees to her counsel and proposes that any payment shall be made payable to Plaintiff but delivered to Plaintiff's counsel unless Plaintiff owes a federal debt. Astrue v. Ratliff, __ U.S. __, 130 S. Ct. 2521, 2526-27 (2010). The determination of whether Plaintiff owes a government debt has not been made yet. Thus, the Court will accept the government's representation that it will take appropriate action once that determination has been made.

**V.       ORDER**

IT IS HEREBY ORDERED that Plaintiff be awarded $8,651.67 in attorney's fees.

IT IS SO ORDERED.


DATED: October 19, 2011                     */s/ John E. McDermott*
                                            JOHN E. MCDERMOTT
                                            UNITED STATES MAGISTRATE JUDGE